**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4947**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

       v.

JUAN CARLOS MEJIA,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, District Judge. (6:08-cr-00005-nkm-2)

_____

Submitted: August 21, 2009     Decided: September 10, 2009

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Julia C. Dudley, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Mejia was found guilty by a jury of conspiracy to distribute less than 500 grams of methamphetamine (Count 1), and possession with intent to distribute more than 50 grams of methamphetamine (Count 2). On appeal, Mejia argues: (1) that the district court erred by denying his motion for a mistrial, and (2) the district court erred by sentencing him based on greater drug amounts than found by the jury. For the reasons that follow, we affirm.

We review a district court's refusal to grant a new trial for an abuse of discretion. United States v. Huggins, 191 F.3d 532, 536 (4th Cir. 1999). Mejia argues that the prosecutor asked a question that impermissibly impinged on his right to remain silent in violation of Doyle v. Ohio, 426 U.S. 610 (1976). We agree with the district court that the facts of the instant case are very similar to those discussed in Greer v. Miller, 483 U.S. 756, 764-65 (1987), and thus do not violate Doyle. Therefore, we find no abuse of discretion by the district court for denying Mejia's motion on that basis. Huggins, 191 F.3d at 536.

After United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007) (providing review standard). Despite an advisory

Sentencing Guidelines range of 188-235 months, Mejia was sentenced to 150 months imprisonment for each count to be served concurrently. We find no significant procedural error, id., or substantive error, United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008), in Mejia's sentence. Thus, we find the sentence was reasonable. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (stating that reasonableness review focuses on whether a sentencing court abused its discretion when imposing a sentence).

Accordingly, we affirm Mejia's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED